IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DORMONIC MONTELARY JONES,   )
                            )
            Petitioner,     )
                            )   1:22CV735
       v.                   )   1:07CR112-1
                            )
UNITED STATES OF AMERICA,   )
                            )
            Respondent.     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document entitled "Motion Seeking Reduction in Term of Imprisonment Under Title 18 U.S.C. 3582(c)(2)." (Docket Entry 57.) The statute cited, § 3582(c)(2), allows for motions seeking retroactive application of certain amendments to the United States Sentencing Guidelines that are enacted after a defendant's sentencing. Petitioner's filing cites no such amendment but does appear to raise arguments made in an earlier motion under that statute, which was denied. (Docket Entry 24.) To the extent this is so, the Court cannot reconsider the denial of a motion filed under § 3582. United States v. Goodwyn, 596 F.3d 233 (4th Cir. 2010). Further, the Court could not grant a reduction under § 3582(c)(2) in any event because a term of imprisonment cannot be reduced beyond time served and Petitioner already served his entire original sentence. See United State v. Barnes, Crim. No. 3:94cr80 (DJN), 2020 WL 1281235 at *2 (E.D. Va. Mar. 17, 2020) (unpublished). Petitioner is currently incarcerated on a separate sentence after violating the terms of his supervised release. Therefore, § 3582(c)(2) cannot apply to his case.

Because Petitioner seeks to attack his sentence, and out of an abundance of caution, the Court treated the filing as one under 28 U.S.C. § 2255 which is ordinarily the appropriate method for attacking a conviction or sentence in this Court. However, the Motion cannot be further processed for the following reasons:

1. The Motion is not on the proper § 2255 form.

2. Petitioner's filing does not set out any clear grounds allowing the Court to hear his claims or reduce his sentence. He must clearly and plainly set out his claims in his Motion.

Because of these pleading failures, this particular Motion will be dismissed, but without prejudice to Petitioner promptly filing a new motion properly following the 28 U.S.C. § 2255 forms and correcting the defects of the present Motion if he seeks to file under § 2255.[1] To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow if he wishes to bring a

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first motion which would later trigger the prohibitions against second or successive motions found in 28 U.S.C. § 2255(h). However, if Petitioner chooses to later submit a § 2255 motion that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2255 motion decided on its merits. Second or successive motions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a motion. 28 U.S.C. §§ 2255(h) and 2244. That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a motion. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2255 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. To the extent there are any issues regarding the running of the statute of limitations or procedural default in this case, the parties can litigate those issues following any refiling by Petitioner. If Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2255 forms in that instance. Finally, Petitioner may choose not to submit a motion, in which case his claims will not be considered further.

2

claim under § 2255. Some of Petitioner's arguments also suggest that he may be seeking compassionate release under § 3582(c)(1)(A)(i). If so, he should file a motion under that statute after exhausting any administrative remedies within the United States Bureau of Prisons.

IT IS THEREFORE ORDERED that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms or seeking compassionate release.

This, the 14th day of September, 2022.

/s/ Joe L. Webster
United States Magistrate Judge